UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY GANT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:05-0949 |
| | )   Judge Trauger |
| HARVEY W. BOWLES, M.D., ET AL., | ) |
| | ) |
|     Defendants. | ) |

MEMORANDUM

INTRODUCTION
AND
BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. §§ 1983 and 1985. He also invokes the court's supplemental jurisdiction, seeking relief under Tenn. Code Ann. § 20-50-106.

The plaintiff names the following defendants in this action: 1) Harvey W. Bowles, M.D.; 2) Baptist Hospital; 3) Meharry Hospital; 4) the City of Nashville; 5) The State of Tennessee; 6) Dr. f/n/u Okoroba; 7) Norse Denna Hart; 8) Metropolitan Nashville Government.[1] Alleging that the defendants are liable for the wrongful death of Melvin Gant, the plaintiff's brother, the plaintiff seeks fifty million dollars ($50,000,000) in damages.

ANALYSIS

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines"

---

[1]   The plaintiff does not explain the difference between the City of Nashville and the Metropolitan Nashville Government, nor can a distinction be determined from the complaint or attached documents.

that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Plaintiff's Constitutional Claims Generally

As to any constitutional claims alleged herein, a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *cf Coal Operators and Associates, Inc. v. Babbitt*, 291 F.3d 912, 916 (6th Cir. 2002). This is true even where a plaintiff has alleged injury sufficient to meet the "case or controversy" requirement of Article III. *Duke Power Co. v. Caroline Environmental Study Group, Inc.*, 438 U.S. 59, 80 (1978). That a party may indirectly benefit from asserting the rights of a third party will not suffice to confer standing. *See Warth*, 422 U.S. at 514 (finding no standing where plaintiffs were harmed indirectly by alleged violation of others' constitutional rights).

Here the real party in interest is the deceased, Melvin Gant – not the plaintiff. The plaintiff has not established, nor can it be liberally construed from the complaint that, apart from being the deceased's brother, the plaintiff is suing on behalf of the estate of the deceased or that he otherwise has standing to bring this action. Neither has the plaintiff alleged an injury sufficient to meet the "case or controversy" requirement of Article III, or that he would even benefit from asserting the rights of the deceased.

2

Because the plaintiff has failed to establish that he has standing to bring this suit, this action is subject to *sua sponte* dismissal for failure to state a claim on which relief may be granted. As explained below, even if it were determined that the plaintiff had standing to bring this action, the plaintiff's claims are subject to dismissal on the merits.

### Plaintiff's Claim Against the State of Tennessee

Aside from naming the State of Tennessee as a defendant, the plaintiff does not mention the State of Tennessee anywhere in the statement of the facts. Therefore, the plaintiff has failed to establish that the State of Tennessee is responsible in any way for the allegations raised in this action. Moreover, "[s]tate governments and entities that can be considered arms of the state are immune from suits for money damages under the Eleventh Amendment." *Rogers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003)(citing *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) and *Brotherton v. Cleveland*, 173 F.3d 552, 560 (6th Cir. 1999)). Because congress has not abrogated Tennessee's Eleventh Amendment immunity, and because Tennessee has not expressly waived its right to sovereign immunity, *see Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980), the plaintiff's claim for money damages against the State of Tennessee is barred by the Eleventh Amendment.

For the reasons explained above, the plaintiff's claim against the State of Tennessee lacks an arguable basis in law or fact. Therefore, the plaintiff's claim against the State of Tennessee will be dismissed as frivolous.

### Plaintiff's Claims Under § 1983

To state a claim under § 1983 against the remaining defendants, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*,

3

451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

<u>Plaintiff's Claims Against the City of Nashville
and the Metropolitan Nashville Government</u>

Although the plaintiff identifies the above-named parties as defendants to this action, he does not mention them anywhere in the statement of the facts. Therefore, the plaintiff has failed to allege and show that these two defendants violated Melvin Gant's rights under the Constitution and/or laws of the United States. Because the plaintiff fails to establish the second part of the two-part test under *Parratt*, his claims as to these two defendants under § 1983 lack an arguable basis in law or fact. Consequently, these claims will be dismissed as frivolous.

<u>Defendants Bowles, Baptist Hospital,
Meharry Hospital, Okoroba, and Hart</u>

The plaintiff's claims are couched almost exclusively in terms of state tort law, *i.e.*, negligence, medical malpractice, wrongful death, etc. However, the court liberally construes the following excerpt from the statement of the facts in the original complaint to allege that the above-named defendants violated Melvin Gant's right to due process:

> [Melvin Gant was] sent . . . home to be home nursed with an appointment to return in a week. [H]is home care nurse failed to request that he be readmitted [to the hospital]. Due to his feet getting darker, he returned on appointment. [A]bout two days there he wee somewhat frustratedly angry. [I]s this why he were denied ***due care*** [and] ***due consideration***. Due and proper care. Relative health care ***due process*** rights. The negligence, discrimination, cruelty, cruel and unusual neglect and punishment was [the defendant's] angry frustration motive to deny him of

4

his ***civil rights*** and ***due process to life***.

(Complaint, Attach. cont. p. 2)(emphasis added)

The guarantee of due process protects citizens against deliberate harm from government officials, not private individuals. *See Daniels*, 474 U.S. at 331. There is nothing in the complaint from which even an inference can be drawn that Baptist Hospital, Meharry Hospital, Dr. Okoroba or Nurse Hart are government officials. Nor, as explained below, is there anything in the complaint to support the conclusion that these private individuals/entities are state actors for purposes of §1983.

In the context of a § 1983 claim, the Sixth Circuit uses three tests to determine if private conduct of the sort alleged is attributable to the state. They are: 1) the public function test, set forth in *West v. Atkins*, 487 U.S. 42, 49-50 (1988); 2) the state compulsion test, set forth in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (197); 3) the symbiotic relationship or nexus test, set forth in *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 and n. 8 (6th Cir. 2003)(citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . . ." *Wolotsky*, 960 F.2d at 1335 (citing *Flagg Bros.*, 436 U.S. at 149 (elections) and *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1975)(imminent domain)). Providing medical care to private individuals does not constitute the kind of power that a state traditionally reserves exclusively for itself.

The state compulsion test requires the actor to exercise "such coercive power or provide such encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky*, 960 F.2d at 1335 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). More than "mere approval or acquiescence in the initiatives of the private party is necessary to hold

5

the state responsible for those initiatives." *Wolotsky*, 960 F.2d at 1335. The plaintiff does not allege, nor can it be liberally construed from the complaint, that the actions of these defendants were attributable to the state in any way.

Finally, under the symbiotic or nexus test, "the action of the private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id*. (citing *Jackson*, 419 U.S. at 351 and *Burton*, 365 U.S. at 724-25). Merely being "subject to state regulation does not by itself convert [the private entity's] action into state action." *Wolotsky*, 960 F.2d at 1335 (citing *Jackson*, 419 U.S. at 350) In other words, the state must be "intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Id*. The plaintiff provides no factual allegations that would support the inference that the state was "intimately involved" in the those actions pertaining to the deceased, Melvin Gant..

For reasons explained above, the plaintiff's claims under § 1983 as to the above named defendants fail to satisfy the second part of the two-part test under *Parratt*. Because the plaintiff's § 1983 claims against these defendants lack an arguable basis in law or fact, they will be dismissed as frivolous.

Plaintiff's Claims Under § 1985

Title 42 U.S.C. § 1985 consists of three parts. Section 1985(1) pertains to conspiracies to prevent or impede federal officials from performing their lawful duties. *See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO, et al. v. Scott*, 463 U.S. 825, 839 n. 1 (1983). Section 1985(2) has two parts, the first of which pertains to conspiracies to obstruct justice in federal courts. *See Kush v. Rutledge*, 460 U.S. 719, 721 n. 1, 725 (1983); *Hahn v. Star Bank*, 190

F.2d 708, 715 (6th Cir. 1999). The second part of § 1985(2) pertains to conspiracies to obstruct justice in state courts. *See Bragg v. Madison*, No. 00-3237, 2001 WestLaw, 1041764, at * 6 (6th Cir. (Ohio))(citing *Kush*, 460 U.S. at 725). Section 1985(3) pertains to conspiracies aimed at interfering with rights that are protected against private as well as official encroachment, *Carpenters*, 463 U.S. at 833, based on some racial, or otherwise class-based, invidiously discriminatory animus, *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Of the three sections in § 1985, only the third could conceivably pertain to this action. However, the plaintiff does not assert, nor is there is nothing in the complaint from which it can be liberally construed, that the death of Melvin Gant resulted from any racial or otherwise class-based, invidiously discriminatory animus on the part of any of the defendants. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)(citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)). Because the plaintiff's claim under § 1985 lacks an arguable basis in law or fact, it will be dismissed as frivolous.

Plaintiff's State Law Claim

Tenn. Code Ann. § 20-5-106 prescribes the right of action in wrongful death suits brought under Tennessee law. Title 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

However, the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original

jurisdiction . . . ." *Id.* at § (c)(3).

Because the plaintiff's underlying federal claims will be dismissed for reasons explained herein, the court declines to exercise its supplemental jurisdiction with respect to the plaintiff's claims under § 20-5-106. The plaintiff's state-law claims will, therefore, be dismissed without prejudice as to any relief to which he may be entitled in state court.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge